UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELANIE C.,

Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

Defendant.

CASE NO. C19-6160-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] She has a twelfth-grade education and previously

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

worked as a medical assistant and case aide, a composite job. (AR 34, 104.)

Plaintiff protectively filed DIB and SSI applications on April 25, 2016, alleging disability beginning August 28, 2015. The applications were denied initially and on reconsideration. ALJ John Michaelsen held a hearing on April 20, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 11-33.) On July 5, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 93-106.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 17, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe: history of multiple sclerosis, obesity, status post laminectomy syndrome with spondylosis, peripheral neuropathy, anxiety and depression. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except plaintiff is further limited to no more than occasional crawling, balancing, stooping, crouching, kneeling, or climbing of ramps and stairs; would need to avoid climbing ropes, ladders, or scaffolds, as well as any exposure to unprotected heights, moving machinery, and similar hazards; and is further limited to simple, repetitive, routine tasks requiring no contact with the general public. With that assessment, and the assistance of the VE, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff able to perform the jobs of production assembler; assembler, electronics accessories; and routing clerk. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing certain medical opinions. She requests remand

for further proceedings. The Commissioner argues the ALJ's decision should be affirmed.

Medical Opinions

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2] Where the record contains contradictory opinions, as in this case, the ALJ may not reject a treating or examining doctor's opinion without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

A. Brigitte Engelhardt, M.D.

Dr. Brigitte Engelhardt examined plaintiff on December 5, 2016 and issued a report. (AR 387-92.) Dr. Engelhardt assessed plaintiff's functional limitations as including a standing/walking capacity of "at least two hours in an eight-hour workday", based on "chronic low back pain, with decreased range of motion of the lumbar spine and positive straight leg raising." (AR 391.) The ALJ gave "great weight" to Dr. Engelhardt's opinions, finding them supported by the medical record and consistent with a limitation to less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but greater than alleged by plaintiff. (AR 102.)

Plaintiff argues the ALJ misinterpreted Dr. Engelhardt's functional assessment. She characterizes as "ambiguous" the standing/walking limitation of "at least" two hours in an eight-hour workday (Dkt. 12-1 at 1), but contends it was error for the ALJ to characterize Dr. Engelhardt's functional assessment as consistent with the ALJ's RFC finding. Rather, plaintiff argues, Dr. Engelhardt's assessment of plaintiff's ability to stand or walk "at least" two hours in a

[2] Because plaintiff filed applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

workday should not be relied on to find plaintiff capable of standing or walking "significantly" more than two hours, and certainly not as long as six hours per day. Plaintiff further argues a restriction to less than six hours of standing or walking would render an individual unable to perform light work.

The Commissioner argues the regulations do not define "light work" as requiring the ability to walk or stand six hours. Rather, the applicable regulation defines light work as requiring "a good deal of walking or standing". 20 C.F.R. §§ 404.1567(b), 416.967(b). The Commissioner suggests Dr. Engelhardt's functional assessment of plaintiff's ability to stand or walk "at least" two hours in a workday evidences the doctor's rejection of a more stringent restriction to sedentary work.

The ALJ is responsible for resolving conflicts in the medical record, *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008), and when evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ, *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The Court finds no error. An ability to stand or walk "at least two hours" is not inconsistent with the performance of light work as defined in the regulations. Substantial evidence supports the ALJ's characterization of Dr. Engelhardt's opinion as supported by the medical record. For example, Dr. Platter, a state agency consultant, assessed plaintiff as able to stand or walk "about six hours" in a workday. (AR 70, 84, 103.) Plaintiff's suggestion Dr. Engelhardt meant to message a functional assessment of plaintiff as unable to stand or walk sufficient to perform light work is purely speculative. The Court will not disturb the ALJ's evaluation of Dr. Engelhardt's opinion.

B. Cheryl Einerson FNP-C

Ms. Cheryl Einerson examined plaintiff on April 26, 2016 for the Washington State Department of Social and Health Services. (AR 363-64.) She assessed plaintiff as able to perform sedentary work. (AR 360.) The ALJ gave little weight to Ms. Einerson's opinion, finding it unsupported by the medical record and inconsistent with her findings. (AR 103.)

Less weight may be assigned to the opinions of "other sources[,]" *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996), such as Ms. Einerson, but the ALJ's decision should reflect consideration of such opinions, Social Security Ruling (SSR) 06-3p. The ALJ may discount the evidence by providing reasons germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cited sources omitted).

As discussed above, the ALJ reasonably found the weight of the evidence supported a functional limitation to light work, not sedentary work as opined by Ms. Einerson. Likewise, the ALJ reasonably characterized Ms. Einerson's opinion as inconsistent with her findings. Indeed, Ms. Einerson's report is devoid of any relevant physical findings other than a vague reference to "abnormal movement of all extremities". (AR 363.) These reasons are germane to Ms. Einerson, and the Court finds no error in the ALJ's consideration of Ms. Einerson's opinions.

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 26th day of June 2020.

Mary Alice Theiler
United States Magistrate Judge